(No. 10915.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CASSIUS M. CARR, Plaintiff in Error.

*Opinion filed December 21, 1916.*

1. CRIMINAL LAW—*what does not constitute the offense of practicing dentistry without a license.* One who makes and sells instruments for the treatment of pyorrhea, and as an incident thereto teaches licensed dentists the care and use of such instruments and by way of demonstration occasionally works on the teeth of patients who are under the care of regularly licensed dentists, can not be convicted of practicing dentistry without a license.

2. MEDICINE AND SURGERY—*one cannot practice dentistry without establishing relation of practitioner and patient.* One cannot be considered as practicing dentistry unless the relation of practitioner and patient exists between him and those for whom he does work.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding.

CLARENCE S. DARROW, PETER SISSMAN, and VICTOR S. YARROS, for plaintiff in error.

P. J. LUCEY, Attorney General, and RICHARD H. COLBY, for the People.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago for practicing dentistry without a license, in violation of section 3 of the act to regulate the practice of dental surgery and dentistry. (Hurd's Stat. 1916, p. 1713.) On appeal to the Appellate Court for the First District the judgment of the municipal court was affirmed, and the case has been brought to this court by writ of error.

It is assigned for error that the municipal and Appellate Courts erred in holding that the plaintiff in error was

guilty of violating said section. Said section provides that no person shall begin the practice of dentistry or dental surgery, or any branches thereof, in this State, without first applying for and obtaining a license for such purpose from the State Board of Dental Examiners, which board is provided for in another section. Section 5 of the act provides that "any person shall be regarded as practicing dentistry or dental surgery within the meaning of this act, who shall treat, or profess to treat any of the diseases or lesions of human teeth, or jaws, or extract teeth, or shall prepare and fill cavities in human teeth, or correct the malposition of teeth, or supply artificial teeth as substitutes for natural teeth."

There is no controversy as to the facts. The question raised by the foregoing assignment of error is whether the acts of plaintiff in error, as shown by the evidence, constituted a violation of the act. Plaintiff in error, who had been a practicing dentist in the State of Utah, was the inventor of a set of instruments comprising some one hundred and fifty pieces, which he was engaged in manufacturing and selling to other dentists to be used by them in the treatment of pyorrhea. The instruments were used in cleaning and scraping the teeth of those afflicted with that disease. Plaintiff in error conducted a school in the city of Chicago in which he taught the use of the instruments he sold if the buyers desired instruction in their use and charged his customers for such instruction. At this school he showed dentists who bought these instruments how to care for them and sharpen them and how to use them. The dentists who purchased these instruments, who were all regularly licensed to practice, as appears from the evidence, also brought their patients to the school and there treated them, using the instruments on the teeth and gums of such patients under the supervision of plaintiff in error. He would watch their work and instruct them as to the proper method of holding and using the instruments, and he occasionally used the in-

struments himself, planing and scraping the teeth of such patients, for the purpose of better demonstrating the proper way to hold and use them. These are the only acts of the plaintiff in error which are relied on to sustain the conviction. Plaintiff in error did not hold himself out to be a dentist and did none of the work mentioned in the foregoing act, for hire or otherwise, than as above set out, and did not seek to do such work. In brief, the business of plaintiff in error was making and selling instruments for the treatment of pyorrhea, and as an incident thereto teaching the care and use of such instruments.

It is very evident from the foregoing statement that the plaintiff in error did not practice dentistry as such occupation is ordinarily understood and followed. It is true that he did sometimes work on the teeth of patients who were brought to the school by other dentists, but in each instance the patient was being treated by a licensed dentist in regular practice and practically all the work was done by such dentist. Had plaintiff in error habitually done any of the things mentioned in the act for compensation, or without compensation, he would have been guilty. One test would be whether the persons treated could be considered as patients of plaintiff in error. He would not be practicing dentistry unless the relation of practitioner or doctor and patient existed between him and those for whom he did work. No such relationship existed. The patients in every case were under the care and treatment of regularly licensed dentists, who did practically all the work that the evidence shows was done. Plaintiff in error was teaching these dentists a method of treatment. What little work he actually did, as shown by the evidence, was merely illustrative of his real business,—that of selling instruments and teaching the use of the instruments he sold. It would be different if plaintiff in error had been engaged in selling his instruments and teaching their use to persons having no previous

knowledge of dentistry or who were not qualified to practice that profession.

The acts of plaintiff in error shown by the evidence did not constitute a violation of the law in question, and the judgment will be reversed.          *Judgment reversed.*